# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS M. EHLENBACH and RENAE L. EHLENBACH, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *and doing business as* CENTERS FOR DISEASE CONTROL AND PREVENTION, and ANGELA L. FUGO, *individually*, <br><br> Defendants. <br><br> ANGELA L. FUGO, *individually*, <br><br> Cross Claimant, <br><br> v. <br><br> THOMAS M. EHLENBACH, <br><br> Cross Defendant. | Civil Action No. 08-1100 <br><br> Chief Judge Donetta W. Ambrose <br> Magistrate Judge Cathy Bissoon |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I.  **RECOMMENDATION**

It is respectfully recommended that Defendant United States of America's Motion to Dismiss Complaint Or, In The Alternative, For Summary Judgment (Doc. 14) be denied, as discussed below.

## II. REPORT

### BACKGROUND

#### A. Factual Background

This is an action brought by Thomas Ehlenbach and Renae Ehlenbach against the United States of America d/b/a Centers for Disease Control ("United States" or "CDC") under the Federal Tort Claims Act, 28 U.S.C. § 2401, et seq. ("FTCA") and against Angela L. Fugo, a CDC employee. (Compl. ¶ 1.) Plaintiffs allege that on August 13, 2006, Ms. Fugo operated her car in "a negligent, careless and reckless manner" by driving it into the direct path of a motorcycle being operated by Plaintiff Thomas Ehlenbach with Renae Ehlenbach as a passenger. Id. at ¶ 17. Plaintiff Thomas Ehlenbach, in order to avoid colliding with Ms. Fugo, allegedly applied his brakes and landed his motorcycle on its side. Id. at ¶ 18. Plaintiffs allege that, as a result of the accident, they suffered serious injuries. Id. at ¶¶ 21, 23-26.

Plaintiffs have brought claims against both the CDC and Ms. Fugo for negligence and loss of consortium. (See generally Compl.) Plaintiffs allege that Ms. Fugo was acting within the scope of her employment and that, therefore, the CDC is liable for her negligence pursuant to the FTCA. Id. at ¶ 22. Alternatively, Plaintiffs allege that if Ms. Fugo was not acting within the scope of her employment, she is individually responsible for her own negligence. Id. at ¶ 39.

#### B. Procedural Background

After Plaintiffs filed their Complaint, Defendant Fugo filed an Answer to Plaintiffs' Complaint. (Doc. 7.) At that time, Defendant Fugo also filed a counterclaim[1] against Plaintiff Thomas Ehlenbach. Id. Defendant CDC, pursuant to Federal Rule of Civil Procedure 12(b)(1), moved to dismiss Plaintiffs Complaint against it on the ground that the Court lacks subject

---

[1] Defendant Fugo refers to her claim against Plaintiff Thomas Ehlenbach as a "crossclaim," but as the claim is against an opposing party, it would seem more appropriate to term the claim as a "counterclaim."

matter jurisdiction. (Doc. 14.) In its Motion, Defendant CDC argues that Ms. Fugo was not acting within the scope of her employment and, therefore, Defendant CDC cannot be sued under the FTCA, which provides only a limited waiver of sovereign immunity for injuries caused by a government employee who was acting within the scope of his or her employment. (See generally id.) Plaintiffs and Defendant Fugo all oppose the Motion. At issue before the Court is whether this Court has jurisdiction over Defendant CDC under the FTCA, which raises the threshold issue of whether Defendant Fugo was acting within the scope of her employment at the time of the accident.

## ANALYSIS

### A. Legal Standards Under Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a plaintiff's claim or complaint for lack of subject matter jurisdiction. In considering a motion to dismiss under Rule 12(b)(1), the court initially must determine whether the basis of a defendant's attack on a plaintiff's complaint is facial or factual. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack exists where the defendant asserts that the allegations of the complaint do not establish jurisdiction. Id. By contrast, a factual attack "concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" Id. (quoting U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)). Here, Defendant CDC, on the basis of a declaration and other documents, argues that the Court lacks subject matter jurisdiction. In other words, Defendant CDC has challenged the factual basis for jurisdiction in this case.

In the context of a factual attack on jurisdiction, the party seeking to assert that jurisdiction exists, e.g., Plaintiffs in the present case, bears the burden of persuasion. Id. at 145. In addition, where, as here, the defendant makes a factual attack on jurisdiction, "'no

matter jurisdiction. (Doc. 14.) In its Motion, Defendant CDC argues that Ms. Fugo was not acting within the scope of her employment and, therefore, Defendant CDC cannot be sued under the FTCA, which provides only a limited waiver of sovereign immunity for injuries caused by a government employee who was acting within the scope of his or her employment. (See generally id.) Plaintiffs and Defendant Fugo all oppose the Motion. At issue before the Court is whether this Court has jurisdiction over Defendant CDC under the FTCA, which raises the threshold issue of whether Defendant Fugo was acting within the scope of her employment at the time of the accident.

## ANALYSIS

### A. Legal Standards Under Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a plaintiff's claim or complaint for lack of subject matter jurisdiction. In considering a motion to dismiss under Rule 12(b)(1), the court initially must determine whether the basis of a defendant's attack on a plaintiff's complaint is facial or factual. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack exists where the defendant asserts that the allegations of the complaint do not establish jurisdiction. Id. By contrast, a factual attack "concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" Id. (quoting U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)). Here, Defendant CDC, on the basis of a declaration and other documents, argues that the Court lacks subject matter jurisdiction. In other words, Defendant CDC has challenged the factual basis for jurisdiction in this case.

In the context of a factual attack on jurisdiction, the party seeking to assert that jurisdiction exists, e.g., Plaintiffs in the present case, bears the burden of persuasion. Id. at 145. In addition, where, as here, the defendant makes a factual attack on jurisdiction, "'no

presumption of truthfulness attaches to the allegations of the plaintiff.'" Id. (quoting CNA v. United States, No. 06-126, 2006 WL 3366147, at *1 (W.D. Pa. Nov. 20, 2006) (Ambrose, C.J.)). Rather, "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's [actual] jurisdiction – its very power to hear the case – [rather than simply the sufficiency of plaintiff's allegations] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Federal Savings and Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977). To this end, the Court may consider evidence outside of the pleadings. Gould Elec., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Thus, in the context of a Rule 12(b)(1) motion, the Court is "permitted to make factual findings, beyond the pleadings, that [are] decisive to determining jurisdiction." CNA, 535 F.3d at 145.

The Court of Appeals for the Third Circuit has made it clear that the "scope of employment" inquiry under the FTCA, such as the one before the Court, is a jurisdictional one and should be decided under the standards of Rule 12(b)(1). Id. at 144-45. The Third Circuit, however, also recognizes that under the FTCA, it is possible for the jurisdictional inquiry to be intertwined with the merits of Plaintiffs' claims, such that there are "overlapping issues of proof." Id. at 143. The "scope of employment" inquiry is one such instance where there may be overlapping issues of proof. Id. at 145 (noting that "[w]hether [the employee] acted within the scope of employment might involve issues of fact that also pertain to the merits of [plaintiffs'] tort claims"). In such a situation, "'district courts must demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" Id. at 144-45 (quoting Gould Elec., Inc. v. United States, 220 F.3d 169 (3d Cir. 2000)). As the Third Circuit has reasoned, "[b]y requiring less of a factual showing than would be required to succeed at trial, district courts ensure that they do not prematurely grant Rule 12(b)(1) motions to dismiss claims in which jurisdiction is

intertwined with the merits and could be established, along with the merits, given the benefit of discovery." Id. at 144-45.

B. **Subject Matter Jurisdiction**

The FTCA waives the United States' sovereign immunity in limited circumstances. See 28 U.S.C. § 1346. Under the FTCA, the United States may be liable for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting with within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. at § 1346(b)(1). The sole issue raised by Defendant CDC's 12(b)(1) Motion is whether Defendant Fugo was acting within the scope of her employment at the time of her alleged negligent conduct, e.g., the accident on August 13, 2006.

The determination of whether Defendant Fugo was acting within the scope of employment is governed by the substantive law of the state in which the accident occurred, 28 U.S.C. § 1346(b)(1), which in this case is Pennsylvania law. Pennsylvania has adopted Section 228 of the Restatement (Second) of Agency on the legal framework for determining whether an employee is acting within the scope of employment. CNA, 535 F.3d at 146; Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000) (citing Butler v. Flo-Ron Vending Co., 557 A.2d 730, 736 (Pa. Super. 1989)).

Under Section 228, an employee's conduct is within the scope of employment if, inter alia: "'(a) it is the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve

the master.'" Id. (quoting Restatement (Second) of Agency § 228 (1958)).  For an employee's conduct to be within the scope of employment, all three[2] of these factors must be satisfied.  Id.

Defendant CDC argues that Plaintiffs cannot establish any elements of Section 228, including the first element that Defendant Fugo's conduct is the "kind [she] is employed to perform."  In support of its Motion, Defendant CDC relies on internal travel records and travel authorizations purportedly illustrating that Defendant Fugo's business trip was scheduled to begin on Sunday, August 13, 2006 and that her early arrival to the Pittsburgh area a day earlier on Saturday, August 12, 2006, was for personal reasons unrelated to her business trip.  (See generally Doc. 14, Ex. B.)  It also submitted the Declaration of L. Casey Chosewood, M.D., Defendant Fugo's supervisor.  (See Doc. 14, Ex. A.)

In opposition, Plaintiffs and Defendant Fugo argue that Ms. Fugo's conduct was authorized and satisfies the elements of Section 228.  Defendant Fugo asserts that she was authorized to arrive on Saturday, August 12, 2006 and Defendant CDC does not dispute that it was aware of her early arrival.  Compare Def. Fugo's Opp. Br. (Doc. 21) at 2 ("Ms. Fugo however was approved to arrive in Pittsburgh one day early on Saturday, August 12, 2006, to visit with family.") (citing Doc. 14, Ex. B.) with USA's Reply to Def. Fugo's Opp. Br. (Doc. 24) at 1 ("Defendant does not dispute that the CDC was aware of [Defendant Fugo's] early departure.").  Plaintiffs cite to Defendant Fugo's Answer to their Complaint wherein she admitted that she was acting within the scope of her employment at the time of the accident. Compare Pls' Compl. (Doc. 1) at ¶ 8 ("It is believed and therefore averred that Angela L. Fugo was at all times material to this action . . . acting within the scope of her agency and/or

---

[2]     There is a fourth factor, which is neither applicable nor at issue here, where the employee is alleged to have used intentional force.  See Restatement (Second) of Agency § 228 (providing that conduct also is within the scope of employment "if force is intentionally used by the servant against another, [and] the use of force is not unexpected by the master.").

employment with Defendant CDC.") with Def. Fugo's Answer, Affirmative Defenses and Crossclaim (Doc. 7) to ¶ 8 ("Paragraph[] . . . 8 of the Plaintiffs' Complaint [is] admitted.").

More significantly, as further evidence that Ms. Fugo's conduct was authorized and within the scope of her employment, Plaintiffs and Defendant Fugo cite to "Standard Form 91" ("Form 91" or the "Form"), which was completed on or about April 21, 2008 – nearly 2 years after the accident – by both Defendant Fugo and her supervisor, Dr. Chosewood. (Doc. 14, Ex. B at pp. 0012-0015.) The Form is a Motor Vehicle Accident Report and contains a section that Dr. Chosewood completed in which the details of the trip during which the accident occurred are recounted. Id. In this section, Dr. Chosewood states that the purpose of Defendant Fugo's trip was to "meet with safety officials . . . [to] discuss systems in PA/WV." Id. Dr. Chosewood additionally states that authority of the trip was given to Ms. Fugo in writing via a "Travel Authorization" and that the trip was made within established working hours "[a]s authorized for travel on [the Travel Authorization]." Id. Most significantly, in response to a subsection titled "Did This Accident Occur Within The Employee's Scope of Duty," Dr. Chosewood checked "Yes" and added that "[Ms. Fugo] was in route to pick up co-workers at airport." Id.

Form 91, however, appears to be in conflict with the Declaration that Dr. Chosewood submitted in connection with Defendant CDC's Motion. (See Decl. of L. Casey Chosewood, M.D., attached as Ex. A to Doc. 14.) In that Declaration, Dr. Chosewood asserts that "[t]he official dates of travel and duty were from Sunday, August 13, 2006 through Friday, August 18, 2006." Id. at ¶ 4. Contrary to his assertions in Form 91, in his Declaration, Dr. Chosewood states that at "the time of th[e] accident, Ms. Fugo was not in a location that required any official CDC duty nor was she tasked by me with any special project or official CDC mission during this

time." Id. at ¶ 6. Essentially, Dr. Chosewood now asserts that Defendant Fugo was not acting within the scope of her employment at the time of the accident.

Defendant CDC attempts to circumvent the obvious contradiction between Form 91 and Dr. Chosewood's Declaration by minimizing the significance of Form 91, stating that the Form is not "binding" and "is simply to collect information for potential litigation and/or to make assessments with the hope of preventing future accidents" and that it does not constitute a 'binding scope of employment determination[]." (USA's Reply to Pls' Opp. to Mot. to Dismiss (Doc. 23) at 4.) Preliminarily, the Court observes that the fact that the Form is designed to collect information for "potential litigation" suggests that the information contained in that Form ought to be pertinent to the present litigation. Nevertheless, whether Form 91 is "binding" or dispositive on the "scope of employment" issue is immaterial.[3] Rather, what is significant is that Dr. Chosewood made wholly inconsistent assertions in Form 91 and his Declaration – assertions that create a genuine issue of material fact as to whether Defendant Fugo's conduct was within the scope of her employment.

In sum, given the inconsistencies between Dr. Chosewood's Declaration and Form 91 (which the Court notes was completed just a few months prior to the execution of the Declaration), the Court finds that there exists a factual dispute on the threshold issue of whether Defendant Fugo was acting within the scope of her employment. In particular, fact issues remain as to whether Defendant Fugo, who, at the time of her accident, allegedly was on her way to pick up colleagues for a CDC business meeting, was engaged in the type of conduct for which she is employed; was acting within the authorized time and space; and was engaged in activity designed to serve the CDC. As such, the Court concludes that the record on the scope of

---

[3] The Court additionally notes that Defendant CDC has not cited any legal authority to support its assertion that Form 91 is not binding as to the "scope of employment" issue, or to otherwise generally establish the significance (or insignificance) of the Form.

employment issue is not fully developed and, therefore, the issue of whether this Court has subject matter jurisdiction over Defendant CDC is not yet ripe for adjudication. For these reasons, the Court recommends that Defendant CDC's Motion to Dismiss be denied without prejudice. The Court will allow the parties a period of discovery on the limited issue of whether Defendant Fugo was acting within the scope of her employment at the time of the accident on August 13, 2006.

**CONCLUSION**

For all of the reasons stated above, Defendant United States of America's Motion To Dismiss, Or In The Alternative, For Summary Judgment (Doc. 14) should be denied without prejudice.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 11, 2008. Responses to objections are due by December 23, 2008.

s/ Cathy Bissoon<br>Cathy Bissoon<br>U.S. Magistrate Judge

November 24, 2008

cc (via email):

Dallas W. Hartman, Esq.
Paul D. Kovac, Esq.
Stephen J. Summers, Esq.